**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANNETTE G. HUMMEL,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MARICOPA COUNTY ADULT PROBATION DEPARTMENT; MICHAEL CIMINO, Chief Probation Officer, Adult Probation Department, Superior Court of Arizona in and for Maricopa County, in his official capacity,<br><br>Defendants-Appellees. | No. 21-16548<br><br>D.C. No. 2:16-cv-04381-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 15, 2024[**]

Before: FERNANDEZ, SILVERMAN, AND N.R. SMITH, Circuit Judges.

Nannette Hummel appeals from the district court's judgment following a

bench trial addressing her Americans with Disabilities Act (ADA) reasonable

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

accommodation claim alleged against her former employer. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and conclusions of law de novo. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

The district court did not abuse its discretion by denying Hummel's untimely requests for leave to amend to add damages claims and a new defendant. Hummel did not establish good cause, in particular diligence, in seeking amendment. *See Johnson v Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth the clear abuse of discretion standard of review and the standard for amending after the scheduling order deadline).

Nor did the district court abuse its discretion by allowing defense counsel to impeach Hummel with undisclosed documents. Consistent with Federal Rule of Civil Procedure 26(a)(1)(A)(ii), the district court limited the use of the documents to impeachment. *See Gribben v. United Parcel Serv., Inc.,* 528 F.3d 1166, 1171-72 (9th Cir. 2008) (setting forth the standard of review and explaining that "impeachment evidence does not have to be revealed in pretrial disclosures").

Contrary to Hummel's argument, the lower summary judgment standards for reasonable accommodation did not apply during the bench trial. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1102 (9th Cir. 2018). The district court was not

required to accept the Equal Employment Opportunity Commission cause determination as proof of reasonable accommodation at trial. Rather, Hummel had to establish "the existence of a reasonable accommodation that would have enabled [her] to perform the essential functions of an available job." *Id.* (internal quotation marks omitted).

The district court did not clearly err by finding that Hummel's request for extended or additional leave with an uncertain return date after she had been absent for seven months was unreasonable. Her employer had reason to believe that she would not have been physically capable of working as a probation officer by her requested return date and that the absence would last indefinitely. *See Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006) (holding that "recovery time of unspecified duration may not be reasonable accommodation"). The ADA did not require that Hummel's employer "exempt [her] from performing essential functions" or "reallocate essential functions to other employees." *Id.* at 1089.[1]

In any event, reinstatement was not an available remedy in light of the district court's well-supported finding that Hummel's former employer would fire her for a lawful reason after her reinstatement. *See McKennon v. Nashville Banner*

_____

[1]We do not consider the undue hardship defense, which was waived by Appellee on appeal.

*Publ'g Co.*, 513 U.S. 352, 360-62 (1995) (holding that "after-acquired evidence of the employee's wrongdoing" generally precludes the remedy of reinstatement if the employer "would have terminated, and will terminate" the plaintiff for a lawful reason).

Hummel's pending motion for a copy of a deposition (Dkt. Entry No. 28) is DENIED as moot.

**AFFIRMED.**